UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL ROBINSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:08CV1922 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# **MEMORANDUM AND ORDER**

Movant Paul Robinson brings this case under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. Robinson is currently serving an aggregate sentence of 27 months imprisonment following his plea of guilty to charges in two different indictments. He did not appeal.

As his grounds for § 2255 relief, Robinson alleges that he received ineffective assistance of counsel, that his criminal history was incorrectly calculated, and that prior jail credits were not applied properly by the Bureau of Prisons. I appointed counsel and held an evidentiary hearing on June 5, 2009.

After considering the testimony presented at the hearing and the evidence and arguments of both parties, I find that Robinson has not shown that counsel was ineffective in any way, so there is no basis for relief under § 2255 on that ground. Additionally, Robinson knowingly and voluntarily waived his right to file

a § 2255 motion on any ground other than ineffective assistance of counsel or prosecutorial misconduct, so I will grant the government's motion to dismiss the other two grounds for relief.

## Background

Robinson pleaded guilty in this court on November 9, 2007 to charges in two indictments. In Criminal Case No. 4:07CR643 CDP, he pleaded guilty to two counts of selling counterfeit obligations in violation of 18 U.S.C. § 473, for conduct that occurred in the Western District of Tennessee in December, 2005.[1] In Criminal Case No. 4:07CR173 CDP, he pleaded guilty to one count of making counterfeit obligations in violation of 18 U.S.C. §§ 471 and 472, for conduct that occurred in this district in March, 2006. While these federal cases were pending, Robinson was charged in Tennessee state court with an additional counterfeiting felony for conduct that occurred in September of 2005. He pleaded guilty to that state charge on September 11, 2007. At the same time, he pleaded guilty to two Tennessee state misdemeanor charges – possession of marijuana (which happened at the same time as the September 2005 counterfeiting felony) and theft under $500 (which was not a counterfeiting charge, and which occurred in November of 2005). On November 13, 2007, Robinson was sentenced in the state cases to a

---

[1]The Western District of Tennessee case was transferred here for guilty plea and sentencing under Rule 20, Fed. R. Civ. P.

term of one year and six months on the felony counterfeiting, 60 days on the marijuana, and 60 days on the theft, all to run concurrently to one another. Robinson was sentenced in this court on February 1, 2008, and I ordered that the 27 month sentence run concurrently to the *undischarged* portion of the Tennessee state sentence.

Robinson was placed under oath at the guilty plea hearing before me. Robinson stated that he was satisfied with his counsel's representation, and agreed that he understood, as set out in the two plea agreements, that he was not giving up his rights to appeal the sentence, but that he was giving up his right to file a post-conviction motion under § 2255 for all claims except prosecutorial misconduct or ineffective assistance of counsel. Robinson admitted under oath that all the statements in the plea agreements were true and that he was guilty of the offenses.

The final version of the presentence report assessed a Total Offense Level of eleven, and thirteen criminal history points, for a Criminal History Category of VI, resulting in an advisory sentencing guidelines range of 27 to 33 months.

After hearing evidence and arguments at the sentencing hearing, I determined the advisory guidelines range to be 27 to 33 months.[2] After

---

[2]The evidence related to whether the counterfeit money Robinson produced was so obviously counterfeit that it was unlikely to be accepted even if subjected to only minimal scrutiny. Robinson has not raised this issue in the § 2255 motion. Arguments at the sentencing hearing did relate to the §5G1.3 issue discussed here, however.

considering of all the factors set out in 18 U.S.C. § 3553(a), I sentenced Robinson to 27 months, which was the low end of the advisory guidelines range. I ordered that the sentence run concurrently to the undischarged portion of the Tennessee state sentences Robinson was then serving.

**Discussion**

Robinson raises three grounds for habeas relief in his motion. The first ground raised in the motion is a claim of ineffective assistance of counsel, and I will discuss it below. The second claim argues that the presentence report miscalculated Robinson's criminal history, and the third claim argues that the Bureau of Prisons was wrongly failing to give him credit for the time he served on the Tennessee state charges *before* his sentencing in this case. Because Robinson waived his right to habeas relief for all grounds except prosecutorial misconduct and ineffective assistance of counsel in his plea agreements, and because his waiver was voluntarily and knowingly made, I will dismiss grounds two and three of the petition without further discussion. *See DeRoo v. United States*, 223 F.3d 919, 924-25 (8th Cir. 2000). I also note that at the sentencing hearing I asked Robinson if there were any objections he wished to raise, other than those discussed by counsel, and he stated no. The last two claims cannot therefore be raised in this proceeding, and I will grant the motion to dismiss.

Robinson makes six interrelated claims of ineffective assistance of counsel: (1) counsel failed to argue for application of § 5G1.3(b)(1) and (2); (2) counsel failed to object to Robinson's Criminal History Category; (3) counsel failed to object to the presentence report; (4) counsel failed to file a notice of appeal; (5) counsel failed to perfect or preserve the issues for appeal; and (6) counsel failed to properly investigate the case. At the hearing, Robinson clarified that claims two, three, and six all relate to the same argument that his Criminal History Category was miscalculated.

The Sixth Amendment establishes the right of the criminally accused to have the assistance of counsel in his defense. The United States Supreme Court has further recognized that "the right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order for a convicted defendant to prove that his counsel was ineffective, he must first show that counsel's performance was deficient. This showing of deficiency requires that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. Judicial scrutiny of an attorney's performance must be highly deferential, and the courts employ a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Second,

in order to prove ineffective assistance of counsel, a defendant must show prejudice as a result of counsel's ineffectiveness. A defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *Rogers v. United States*, 1 F.3d 697, 700 (8th Cir. 1993). To show ineffective assistance of counsel in the context of a guilty plea, a movant must establish: (1) counsel's performance fell below the *Strickland* standard of reasonableness; and (2) there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty but would have proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

Robinson has not shown that his counsel's representation fell below a reasonable level of professional assistance. Robinson claims that counsel was ineffective for failing to argue for the application of § 5G1.3 and for failing to object to the calculation of his Criminal History Category. Contrary to Robinson's allegation, counsel specifically asked for the application of § 5G1.3 in his sentencing memorandum, and argued this point at the sentencing hearing. I considered the application of that section during sentencing, but did not agree that the sentence should be lower than 27 months to reflect the time Robinson had already served in Tennessee, because that sentence included time for the marijuana and theft convictions, which were not relevant conduct.

Counsel also objected to the calculation of Robinson's Criminal History Category in his objection to the presentence report, raising the argument that the Tennessee state counterfeiting charge should not add criminal history points because it was relevant conduct. The probation office agreed with that objection before sentencing, and the final version of the presentence report assessed only two points for the Tennessee state marijuana conviction, instead of three points if the counterfeiting had been included. Even after the Probation Office agreed that the counterfeiting was relevant conduct, counsel then argued, at the sentencing hearing, that the marijuana conviction should also be considered relevant conduct. I rejected this argument at the hearing.

After all the evidence and argument discussed above, I asked Robinson at the sentencing hearing if there were any other arguments or objections he wished counsel to raise. He stated there were not. Under all these circumstances, counsel's performance in handling the objections to the criminal history calculations did not fall below objective standards of reasonableness.

Robinson also claims that counsel was ineffective because he failed to file an appeal. Because Robinson claimed he asked counsel to file an appeal and counsel denied that, it was necessary for me to hold an evidentiary hearing, and I did so. At that hearing Robinson testified that he asked his counsel to file an appeal. Counsel testified to the contrary. Counsel testified that he advised against

an appeal, both orally and in writing, and that Robinson did not ask him to appeal. I have considered the testimony of both Robinson and his counsel, and I credit counsel's testimony over Robinson's on this point. Counsel was not ineffective in any respect. He had many meetings with Robinson, both before and after the plea. He investigated the issues and negotiated a favorable resolution. He informed Robinson's Tennessee counsel of the potential adverse effects that sentencing in the state case might have on Robinson's pending federal case. Throughout the process he discussed the case with Robinson and informed him of his options. Counsel informed Robinson of his right to appeal, and counsel was not asked by Robinson to file an appeal in this case.

There is no basis for granting relief under § 2255, so I will deny the motion. Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate, set aside or correct sentence [#1] is denied.

**IT IS FURTHER ORDERED** that respondent's motion to dismiss [#2] is granted.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as movant has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accord with this Memorandum and Order is entered this same date.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of June, 2009.